**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS EDUARDO RAMOS, | No.    17-71019 |
| Petitioner, | Agency No. A091-852-535 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Carlos Eduardo Ramos, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and we review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Ramos's motion to reopen as untimely where he filed it more than four years after his final order of removal. *See* 8 C.F.R. § 1003.23(b)(1).

The BIA did not err in determining that Ramos waived any argument that the filing deadline should be equitably tolled where he did not sufficiently raise the issue in his motion to reopen. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (petitioner must sufficiently put the agency on notice as to specific issues so that the agency has an opportunity to pass on those issues); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal).

Our jurisdiction to review the agency's sua sponte determination is limited to issues of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Ramos has failed to show any legal or constitutional error in the agency's sua sponte determination. *Id.*

**PETITION FOR REVIEW DENIED.**

17-71019